UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-60335-CR-Rosenberg

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SIECHA JENKINS,

    Defendant.
_____/

FILED BY KJZ D.C.
Feb 24, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATIONS

#### I.  Background

The Defendant, SIECHA JENKINS, appeared before the Court on February 24, 2022, for a status re: final hearing on the Superseding Petition for Offender under Supervision ("Superseding Petition") [DE 64]. At the hearing, Defendant and her counsel advised the Court that Defendant wished to admit the supervised release violations pending against her. The Court therefore engaged in a colloquy with Defendant to ensure that her admissions were knowing and voluntary.

Defendant was originally convicted in the Southern District of Florida of importing a controlled substance, in violation of 21 U.S.C. § 952(a), a Class B felony. On August 18, 2021, the Honorable Robin L. Rosenberg, United States District Judge, sentenced Defendant to time served followed by three years of supervised release with certain special conditions. Defendant's term of supervised released commenced on August 18, 2021.

Defendant is now charged with the following violations of her supervised release conditions in the Superseding Petition [DE 64]:

1

1. **Violation of Mandatory Condition**, by unlawfully possessing a controlled substance. On October 19, 2021, Defendant submitted a urine specimen which tested positive for the presence of marijuana.
2. **Violation of Mandatory Condition**, by unlawfully possessing a controlled substance. On October 29, 2021, Defendant submitted a urine specimen which tested positive for the presence of marijuana.
3. **Violation of Standard Condition**, by failing to follow the instructions of the probation officer. On October 13, 2021, Defendant failed to submit a urinalysis, as directed.
4. **Violation of Special Condition**, by failing to participate in the Location Monitoring Program. On September 21, 2021, Defendant had a pre-approved schedule to leave her residence for employment from 2 p.m. on September 21, 2021, to 4 a.m. on September 22, 2021. Defendant failed to comply with the location monitoring rules and regulations in that she failed to return to her residence until 9:40 a.m. on September 22, 2021, and her whereabouts were unknown.
5. **Violation of Special Condition**, by failing to participate in the Location Monitoring Program. On October 18, 2021, Defendant had a pre-approved schedule to leave her residence for employment from 7 p.m. on October 18, 2021, to 4 a.m. on October 19, 2021. Defendant failed to comply with the location monitoring rules and regulations in that she failed to return to her residence until 9:43 a.m. on October 19, 2021, and her whereabouts were unknown.
6. **Violation of Special Condition**, by failing to perform community service hours as directed. On September 23, 2021, Defendant executed a community service agreement to begin performing 10 hours of community service per month at City of Fort Lauderdale, and, to date, she has failed to comply with this agreement and is currently 20 hours delinquent.
7. **Violation of Standard Condition**, by failing to follow the instructions of the probation officer. On October 28, 2021, Defendant was instructed to report weekly for urinalysis testing and failed to submit as directed for the months of November and December 2021.
8. **Violation of Mandatory Condition**, by unlawfully possessing a controlled substance. On December 13, 2021, Defendant submitted a urine specimen which tested positive for the presence of marijuana.
9. **Violation of Standard Condition**, by failing to follow the instructions of the probation officer. On December 20, 2021, Defendant failed to provide proof of community service hours and G.E.D. classes, as directed.
10. **Violation of Special Condition**, by failing to participate in the Location Monitoring Program. On October 27, 2021, Defendant left her residence at 8:36 a.m. and returned at 5:11 p.m. without obtaining prior approval from the probation officer, and her whereabouts were unknown.
11. **Violation of Special Condition**, by failing to participate in the Location Monitoring Program. On November 5, November 11, November 16, November 23, November 25, November 27, and November 28, 2021, Defendant left her residence without obtaining prior approval from the probation officer, and her whereabouts were unknown.
12. **Violation of Special Condition**, by failing to participate in the Location Monitoring Program. On December 2, December 4, December 6, December 11, December 13,

December 18, and December 20, 2021, Defendant left her residence without obtaining prior approval from the probation officer, and her whereabouts were unknown.

## II.    Summary of Hearing

At the February 24, 2022 hearing, upon questioning by the Court, Defendant stated that she was clear-headed and not under the influence of drugs, alcohol, or any controlled substance other than Remeron and Abilify, which medications were prescribed by medical personnel at the jail. Defendant represented that the medications did not have any impact on her ability to understand the court proceedings. Additionally, Defendant's counsel represented that Defendant was competent to enter her admissions. Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, Defendant was advised of the violations alleged against her, her right to contest the allegations, her right to appear at the hearing and present evidence, and her right to question adverse witnesses. After being advised of those rights, Defendant stated that she waived his right to a final revocation hearing.

Additionally, after being advised of her rights and the maximum penalties she is facing (three years in prison followed by five years of supervised release less any time served in prison on the violations), Defendant waived her right to a contested revocation hearing and admitted to allegations # 1-12, as alleged in the Superseding Petition. The Court finds that Defendant made her waiver and admissions knowingly, intelligently, and voluntarily, and with the advice and assistance of competent counsel. Based on Defendant's admissions to allegations # 1-12, as well as its review of the record, the Court finds by a preponderance of the evidence that Defendant committed allegations # 1-12 as alleged in the Superseding Petition [DE 64].

## III.    Recommendation

For the foregoing reasons, it is respectfully recommended that the Honorable Robin L.

Rosenberg, United States District Judge, find that Defendant has violated the terms and conditions of her supervised release as alleged in violations # 1-12 of the Superseding Petition [DE 64]. The Court further recommends that Judge Rosenberg schedule a sentencing hearing on allegations # 1-12.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Robin L. Rosenberg. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 24th day of February, 2022.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge